IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03372-WJM — MJW

MARIA MENDOZA,

    Plaintiff,

v.

INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,
CHARTIS CLAIMS, INC.,

    Defendants.

---

AGREED PROTECTIVE ORDER (Docket No. 35-1)

---

During the course of discovery, the parties may exchange information, to include documents and testimony containing allegedly proprietary and sensitive business, financial, commercial or other technical information, the uncontrolled release of which Defendant alleges would cause the producing party and/or certain non-parties competitive harm. In order to facilitate this discovery while protecting the producing party's allegedly proprietary interests, as well as the allegedly proprietary and commercial interests of non-parties, it is hereby ORDERED:

I.

A. The parties recognize that discovery in this matter may call for the production of materials containing confidential and proprietary business, financial, technical and other commercially sensitive information, including sensitive business,

financial, technical, and commercially sensitive information relating to non-parties, and that the producing party has a protected proprietary and property interest in those materials, or otherwise has an interest in preventing the dissemination of information about non-parties.

B. If the producing party has a good faith factual and legal basis for asserting a privilege or exemption from public disclosure, the producing party may designate as "CONFIDENTIAL" the portion of any produced material it considers subject to its claim of privilege or exemption in accordance with Section I.F, below, relying on the terms of this Protective Order ("Protective Order") in producing that information. Such "CONFIDENTIAL" designation shall make the designated portions of those produced materials and all copies, prints, summaries, translations, or other reproductions of such material subject to this Protective Order. This Protective Order also shall apply to the specific pages and lines from oral depositions as well as any discovery responses, designated as "CONFIDENTIAL" by the producing party in accordance with Section I.G, below.

C. When used in this Agreed Protective Order, the word "CONFIDENTIAL" means designated financial, competitive, research, development, business, and other technical or other commercially sensitive information of the producing party and/or such information relating to non-parties.

D. When used in this Protective Order, the term "CONFIDENTIAL MATERIAL" means all designated written materials, computer documents,

specifications, responses to Interrogatories, Requests for Production, Requests For Admission, or other written discovery referencing confidential material, deposition transcripts, and all other designated tangible items which disclose "CONFIDENTIAL" information, whether produced in hard-copy, on CD-ROMs or DVDs, or any other media.

E. The burden of proving the confidential nature of designated information is on the producing party. Prior to designating any material as "CONFIDENTIAL" and subject to this Protective Order, the producing party must make a bona fide determination that the material is, in fact, confidential as defined above, the dissemination of which would damage the producing party's competitive position or impact the competitive interests of non-parties.

F. To designate a portion of any document or other printed material as "CONFIDENTIAL," the producing party shall mark the designated pages of the material with the word "CONFIDENTIAL" in a manner that does not obscure, or impair the legibility of any information contained within the material, but makes it difficult to remove the designation. In order to designate a computer database, disc, compact disc, drive, or other electronically recorded material as "CONFIDENTIAL," the producing party shall mark the disc, case or envelope containing the material with the word "CONFIDENTIAL." Documents printed from such electronic media shall be marked the same as documents originally produced on paper.

G.  In the case of a deposition or oral examination, counsel for the producing party may, during the deposition, designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," and the entire deposition transcript will be treated as "CONFIDENTIAL" until counsel for the producing party receives a transcript of the deposition and designates specific page and line portions of the testimony.  In the event the producing party's counsel during the deposition does not designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," the producing party does not waive its right to designate the deposition testimony or any parts thereof as "CONFIDENTIAL" upon receipt of the deposition transcript.  After receipt of the final deposition transcript, the producing party shall identify by page and line the portion of the material that the producing party intends to designate as "CONFIDENTIAL" in a written letter served to all counsel of record within 30 days after the producing party's receipt of the written deposition transcript from the court reporter.  Only the portions of the deposition transcript designated by the producing party during this time period shall remain "CONFIDENTIAL."  Any party challenging the "CONFIDENTIAL" designations of the deposition transcripts shall inform the producing party of those specific challenges in writing within 20 day of receiving the designations.  The producing party shall have 20 days from receipt of the written challenges to move for an appropriate order regarding the confidentiality of all or portions of the transcript.  The parties stipulate that the court reporter or videographer for any such depositions, who will be given a copy of this Protective Order, and will execute an acknowledgement thereof, shall not disclose to

4

anyone (other than the COVERED PERSONS as defined in Section I.H below) any deposition testimony or exhibits in this lawsuit.

      H.     When used in this Protective Order, the term "COVERED PERSONS" includes only the following: (1) the Court and all Court personnel (when CONFIDENTIAL MATERIAL is submitted to the Court under seal); (2) the named parties in this litigation; (3) retained counsel for all parties in this litigation, including members of counsel's legal or support staff (e.g., in-house investigators, secretaries, legal assistants, paralegals, and law clerks), to the extent reasonably necessary for such persons to render assistance in this litigation; (4) experts retained or consulted by counsel for any party to assist in the preparation, prosecution, or evaluation of this litigation, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of a party; and (5) witnesses and the jury in this case at trial.

II.

This Protective Order is to facilitate the exchange of records and information in discovery. It governs disclosures to third persons or disclosure of records for discovery motions and discovery proceedings. Nothing in this Protective Order shall be deemed to preclude any party's right to oppose discovery on grounds not addressed under the terms of this Protective Order, or to object on any ground to the admission of any CONFIDENTIAL MATERIAL into evidence at trial.

### III.

Absent a further order of the Court, those documents marked as "CONFIDENTIAL MATERIAL," as described in Sections I.F and I.G, shall not be used for any purpose other than the prosecution or defense of this captioned action, and shall not be shown, disseminated or disclosed in any manner to anyone other than COVERED PERSONS as defined in Section I.H without the prior written agreement of the producing party or by order of the Court after due notice to the producing party.

### IV.

Before showing or divulging any "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" information to any COVERED PERSON other than the Court and Court personnel, counsel shall first obtain from each such person a signed "WRITTEN ASSURANCE" in the form attached hereto as Exhibit "A." Counsel shall maintain a list of all such recipients of "CONFIDENTIAL MATERIAL" to whom this paragraph applies and a copy of or the original of every "WRITTEN ASSURANCE" required pursuant to this paragraph. Copies of all Written Assurances shall not be provided to counsel for the producing party, unless otherwise ordered by the Court. Nothing in this paragraph shall prejudice the ability of any party to seek a Court order compelling the other party to provide copies of Written Assurances.

### V.

A.  If any "CONFIDENTIAL MATERIAL" is filed with this Court, including any pleading incorporating "CONFIDENTIAL MATERIAL," the portion of such filing

containing "CONFIDENTIAL MATERIAL" shall be filed in a sealed envelope on which the following legend shall prominently appear:

> <u>Maria Mendoza v. Insurance Co. of the State of Pennsylvania, et. al</u>
>
> U.S. District Court for the District of Colorado
>
> Civil Action No. 13-cv-03372-WJM-MJW
>
> **CONFIDENTIAL - This envelope contains documents or other material filed by the parties in this matter. It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.**

Such filing shall be made in accordance with the provisions of D.C.Colo.LCivR 7.2. The filing party shall identify the confidential business, financial, proprietary, and/or commercially sensitive interests of the party or non-parties sought to be protected and request that the Court restrict public access to CONFIDENTIAL MATERIAL to "Level 1 Access" (limited to the parties and the Court) pursuant to D.C.Colo.LCivR 7.2 B.5.

  B. Nothing in this Protective Order shall control the use of exhibits or testimony at trial or hearing, nor prejudice the ability of any party to object to the admission of CONFIDENTIAL MATERIAL consistent with Section II. above. If either party wishes to obtain an Order closing the Court to the public or restricting public access to the trial record (or portions thereof containing CONFIDENTIAL MATERIAL), a motion seeking such shall be filed consistent with the provisions of D.C.Colo.LCivR 7.2 no later than thirty (30) days before trial. The producing party may also seek to restrict

access to any other Court proceeding within a reasonable time before any such proceeding by making a motion consistent with D.C.Colo.LCivR 7.2. The producing party may also contemporaneously, or within ten (10) business days, move for restriction of public access to CONFIDENTIAL MATERIALS tendered by any party and/or received by the Court at any non-trial proceeding.

    C.    All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize or otherwise disclose "CONFIDENTIAL MATERIAL" shall be filed under motion to restrict public access pursuant to D.C.Colo.LCivR 7.2 and in accordance with Section V.A, and such documents shall not be publicly available, except by further order of this Court.

    D.    If any party or person who has obtained "CONFIDENTIAL MATERIAL" under the terms of this Protective Order receives a subpoena or other legal process commanding the production of any such "CONFIDENTIAL MATERIAL" (the "Subpoena"), such party or person shall promptly notify counsel for the producing party of the service of the Subpoena. The party or person receiving the Subpoena shall not produce any "CONFIDENTIAL MATERIAL" in response to the Subpoena without either the prior written consent of counsel for the producing party, or an order of a court of competent jurisdiction.

## VI.

Certain parties anticipate producing potentially large volumes of materials in discovery in this matter, including collections of materials in the form of paper or

electronic documents, increasing the likelihood that information protected from discovery by certain privileges or immunities, or "CONFIDENTIAL MATERIAL" not marked as such, may be produced inadvertently. Therefore, the following provisions shall apply to the production of information in this case:

    A.    Inadvertent production of documents subject to the work-product doctrine, the attorney-client privilege, the trade secret and proprietary business information privilege, or other legal privilege, rule or doctrine protecting information from discovery shall not constitute a waiver of the immunity or privilege either for the inadvertently produced document or its subject matter (so-called "subject matter waiver"), provided that the producing party shall notify the receiving party in writing of such inadvertent production promptly upon becoming aware of it.

    B.    If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, and such returned material shall be deleted from any litigation-support file or database. No use shall be made of such inadvertently produced documents during discovery or at trial nor shall they be disclosed to anyone who was not given access to them before the request to return and destroy them.

    C.    If any party contends that the notification of inadvertent production was not "reasonably prompt," it shall notify the producing party in writing, and will make no further use of such documents pending a resolution of their status by the Court. It shall

be the burden of the producing party to move for a protective order regarding the inadvertent production, and to demonstrate both that the production was inadvertent, that reasonable diligence was exercised to identify the inadvertently produced information, and that notification was made with reasonable promptness after discovering the inadvertent production.

D. The party returning or destroying such documents may move the Court for an order compelling production of the material, but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

E. Inadvertent failure to designate produced materials as CONFIDENTIAL pursuant to the terms of Section I above shall not constitute a waiver of the right to designate such materials CONFIDENTIAL provided that the producing party shall notify the receiving party of such inadvertent failure to designate promptly upon becoming aware of it.

F. If reasonable notification is made of such failure to designate, such inadvertently non-designated documents and all copies thereof, shall be returned to the producing party or destroyed and such material shall be deleted from any litigation-support file or database. No use shall be made of such non-designated documents during discovery or at trial without the appropriate "CONFIDENTIAL" markings, nor shall they be disclosed to anyone who was not given access to them before the request to return or destroy.

G.  Any inadvertently produced document or documents provided to the Court pursuant to this Section VI shall not be considered a "court record" as defined in Colorado Chief Justice Directive 05-01 § 3.10(a) and (b).

## VII.

A.  Within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel for the parties shall deliver to counsel for the producing party written confirmation that all CONFIDENTIAL MATERIAL, including any copies, has been destroyed. Deposition transcripts need not be destroyed if all CONFIDENTIAL portions have been destroyed or obliterated.

B.  It is the responsibility of any party receiving "CONFIDENTIAL MATERIAL" to verify that material provided by that party to "COVERED PERSONS," as defined in Paragraph I.H above, has been destroyed.

## VIII.

In the event counsel for any party, in good faith, disputes the designation of any document as "CONFIDENTIAL," he or she shall notify counsel for the producing party in writing. The producing party shall seasonably apply to the Court for a determination that the document is or is not protected pursuant to this Protective Order. Until a final determination by the Court, any disputed document will be treated as CONFIDENTIAL MATERIAL pursuant to this Protective Order. Nothing in this Protective Order shall be construed to alter or shift the burdens of production and persuasion ("the burden of

11

proof") as they apply to the assertion of privileges or exemptions from public disclosure or any claim or affirmative defense in this matter.

## IX.

A.   This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.  Nothing contained in this Protective Order shall in any manner change, alter or modify any of the rights of the producing party or any other party under any other orders issued by any other courts concerning the protection of CONFIDENTIAL MATERIALS and CONFIDENTIAL information.  Nothing in this Protective Order shall limit the rights of parties to apply for further protective orders or for modification of the terms of this Protective Order.

(i) Plaintiff asserts that, notwithstanding the terms of this protective order, Plaintiff's counsel should be permitted to: (1) share, subject to the terms of this protective order as well as certain other restrictions, the CONFIDENTIAL MATERIALS obtained in this case with other similarly situated Plaintiffs that are also pursuing claims related to bad faith breach of an insurance contract against Defendants and (2) that Plaintiff's counsel should be permitted to retain the materials for use in future litigation against Defendants, subject to continuing jurisdiction of this Court for the enforcement of this order.  Although these terms are not a part of this protective order, Plaintiff reserves the right to seek future modification of this order to incorporate such terms.

(ii) Defendants object to Plaintiff and/or Plaintiff's counsel using CONFIDENTIAL MATERIAL for any purpose other than this litigation and reserve their right to object to any modification sought by Plaintiff allowing her or her counsel to do so. Defendants anticipate producing certain sensitive commercial, proprietary, and other financial information and restriction of use of such information to this litigation is reasonable and appropriate. Defendants accordingly enter into this Agreed Protective Order under the express understanding that the terms of this Order do not permit use of CONFIDENTIAL MATERIAL by Plaintiff and/or Plaintiff's counsel beyond this litigation and that CONFIDENTIAL MATERIAL produced to Plaintiff and/or disseminated by Plaintiff to any COVERED PERSONS must be destroyed at the conclusion of this litigation in accordance with the terms of this Order.

B. This Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the parties, or by Order of the issuing Court. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

C. This Protective Order shall be binding upon the parties hereto, their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

## X.

After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents, including all persons who have executed Exhibit A to this Protective Order for enforcement of the provisions of this Protective Order ~~following~~ *until* termination of this litigation.

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

_____
March 24, 2014
Date

14

## EXHIBIT "A"

## LIMITED SPECIAL APPEARANCE AND AGREEMENT FOR ACCESS TO CONFIDENTIAL MATERIAL

I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order dated _____ and agreed to by the parties ("Protective Order") in the action titled <u>Maria Mendoza v. Insurance Co. of the State of Pennsylvania, et. al</u>, U.S. District Court for the District of Colorado, Civil Action No. 13-CV-03372-WJM-MJW. I understand the terms of the Protective Order and under oath consent to be bound by such terms as a condition to being provided access to the CONFIDENTIAL MATERIALS furnished by the parties in this action. Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court or any Court of competent jurisdiction for the special and limited purpose of enforcing the terms of the Protective Order.

I recognize that all civil remedies for breach of this Agreement are specifically reserved by the producing parties in this action and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Agreement, I recognize that the producing parties may pursue all civil remedies available to them as third-party beneficiaries of this Agreement.

DATED:_____

15

_____

Name

_____

Firm

_____

Address

_____

Telephone Number

SUBSCRIBED AND SWORN TO BEFORE ME THIS _ day of _____, 2014.

_____

Notary Public, State of _____

_____

My Commission Expires:

16